█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUFUS LEE, JR., Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The jury rejected the defense of not guilty by reason of insanity and returned a verdict of murder in the first degree. A hearing had been held before trial to confirm the report of the two court appointed psychiatrists, pursuant to section 658 of the Code of Criminal Procedure, who found defendant capable of standing trial. A substantial part of the trial testimony as to defendant's mental condition indicated that he had been physically and mentally ill for a large part of his life. He had suffered epileptic seizures, peptic ulcers, alcoholism, experienced hallucinations over a long period of time and reacted to paranoid ideas or delusions. Three well accredited psychiatrists testified for the defense after

a thorough examination of defendant and hospital records from various Veterans' hospitals where he had been treated for mental illness. The three psychiatrists all found defendant to be a schizophrenic psychosis paranoid type. The only countervailing proof offered by the People was the testimony of a psychiatrist who was retained on the morning of the day he testified. He admitted that he had never examined the defendant, that he had spent 30 minutes reading hospital records and that defendant might have had "an irresistible compulsion" because of mental illness and his capacity to appreciate would be limited and "would be clearly impaired". He testified further that defendant did not have substantial capacity according to normal mental health standards. Notwithstanding this testimony this witness, in reply to a hypothetical question, stated that defendant would know the nature and consequences of his acts and would know that they were wrong. The trial court properly denied defendant's motion for a directed verdict on the grounds of insanity, for the question of defendant's capacity for understanding was a question of fact for the jury (*People* v. *Wood*, 12 N Y 2d 69, 77; *People* v. *Horton*, 308 N. Y. 1, 12). The People failed to prove beyond a reasonable doubt that defendant possessed substantial capacity to know or appreciate his conduct and its consequences (see, *People* v. *Higgins*, 5 N Y 2d 607). The jury's finding of guilt was against the weight of the evidence and a new trial should be had. (Appeal from judgment of Erie County Court convicting defendant of murder, first degree.) Present — Bastow, J. P., Goldman, Marsh, Witmer and Henry, JJ.