■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN P. HARI, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The finding implicit in the verdict that defendant was sane when the homicide occurred is against the weight of the evidence. "'When the defense of insanity is raised under section 1120 of the Penal Law, the People must establish on the whole case beyond a reasonable doubt *both* that the defendant knew the nature and quality of his act *and* that he knew the act was wrong.'" (*People* v. *Horton*, 308 N. Y. 1, 9.) On July 18, 1958 defendant killed his sister-in-law by shooting her with a rifle. Nine months after the homicide a court-ordered psychiatric examination by doctors Faver and Stell revealed that he was insane to the extent that he was incapable of understanding the charge against him or of assisting his attorneys with his defense. Appellant was committed to Matteawan on April 30, 1959. Thereafter, he appeared for

arraignment and entered a plea of not guilty by reason of insanity. In support of his defense of insanity defendant called psychiatrist Graser who testified that he was one of the two psychiatrists appointed to assist defense counsel in 1959 and had twice examined appellant at the Erie County jail nine months after the homicide. Dr. Graser again examined appellant on September 25 and October 30, 1966. Appellant had been confined in Matteawan in the interim. He gave his opinion that appellant was legally insane and during the 1958–1959 period did not know that his conduct was wrong. The People introduced no proof on the issue of insanity and adduced no evidence to show that Dr. Faver, who had examined defendant pursuant to court orders in 1959 and 1966, was unavailable to testify. The People failed to sustain their burden of proving defendant's sanity at the time of the homicide. (Appeal from judgment of Erie Trial Term, convicting defendant of manslaughter, first degree.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.