■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLYDE THOMPSON, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The question presented by this appeal is whether the People have proved beyond a reasonable doubt that defendant had substantial capacity to know and appreciate the nature and consequences of his conduct on June 4, 1966, the date of the crime, and that defendant knew such conduct was wrong. The People did not produce any witness on the question of defendant's sanity. Two psychiatrists testified for defendant. One of them stated that defendant had been admitted to the Matteawan Hospital as suffering from " schizophrenia mixed type " on August 7, 1962, and that he was released in October, 1965 as having recovered. On February 24, 1966, defendant voluntarily requested admission to the Buffalo State Hospital and he remained in said hospital until March 23, 1966. Defendant returned to this hospital the following month claiming that he was restless and nervous. He left the premises without permission, returned and left once again without permission on May 5, 1966. This psychiatrist noted that the purpose of his examination was to determine defendant's competency to stand trial and that the psychiatric examination took place on May 1, 1968. The psychiatrist concluded that he could not determine whether defendant knew the nature and consequences of his act and the difference between right and wrong on June 4, 1966. The other psychiatrist for the defense testified that he first examined defendant on July 1, 1962, at the Meyer Memorial Hospital, at which time defendant suffered from psychosis with mental deficiency. A second examination occurred on October 11, 1965, and defendant was no longer suffering from psychosis at that time. This psychiatrist further examined defendant on July 9, 1968, at the Erie County jail. Based on these examinations and a review of defendant's records, the psychiatrist believed that defendant suffered from a mental illness on June 4, 1966, and, therefore, lacked the capacity to understand the nature of his acts or to appreciate that these acts were wrong. In view of this psychiatric testimony, the history of defendant's mental condition, and the testimony as to defendant's behavior at the time the crime was committed, we find that the People have failed to prove beyond a reasonable doubt that defendant had substantial capacity to know and appreciate the nature and consequences of his act on June 4, 1966, and that such conduct was wrong. (Penal Law, § 1120; *People* v. *Hari*, 30 A D 2d 1046.) Where the People fail to carry their burden of proving defendant's understanding of the nature and quality of his acts and that defendant knew such acts were wrong, a conviction cannot stand and a new trial must be had (*People* v. *Slaughter*, 34 A D 2d 50; *People* v. *Buthy*, 33 A D 2d 986; *People* v. *Lee*, 29 A D 2d 837). (Appeal from judgment of Erie County Court convicting defendant of burglary, first degree, and rape, first degree.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.