■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY CHARLES WOODWORTH, Appellant.—Judgment unanimously affirmed. Memorandum: The only issue on this appeal is whether the rule in People v Silver (33 NY2d 475) requires the prosecution to counter defendant's psychiatric evidence of his lack of mental capacity with its own expert evidence. Defendant was indicted for rape first degree, sodomy first degree, kidnapping second degree and criminal facilitation second degree. He had confessed the facts leading to the charges and based his defense on lack of mental capacity due to mental defect (Penal Law, § 30.05). He was found guilty as charged by jury verdict. In December, 1973 defendant and another picked up two coeds from the State University at Oswego who were hitchhiking back to the campus. Instead of delivering the girls to the dormitory, defendant drove the girls into the country while his companion held the girls at gun point. When they reached a secluded spot, the two boys forced the girls to submit by threatening to kill them. Defendant was armed with a knife, his companion with a gun. Defendant introduced the testimony of a psychiatrist who had interviewed him for an hour and 15 minutes and examined certain unspecified past school records and psychological test results. On the basis of this history and his interview, the doctor testified that defendant lacked the mental capacity to commit the crimes charged due to mental defect. The defense also relied on evidence of defendant's conduct on the night of the crime from which it was claimed the jury could draw an inference that defendant lacked the capacity to commit the crimes. The District Attorney presented no expert medical evidence. In a criminal prosecution the People must prove mental capacity beyond a reasonable doubt but the presumption of sanity is sufficient to sustain the prosecution's burden in the absence of rebuttal proof "or in the face of weak rebuttal proof" by defendant (People v Silver, supra, p 483). In the Silver case the Court of Appeals held that the prosecution had failed to sustain its burden as a matter of law when the People failed to offer expert evidence in opposition to defendant's rebuttal proof. In that case, defendant was charged with incest. Upon arraignment he was found mentally unfit for trial and was committed to a hospital for over a year before being able to proceed. At trial a psychiatrist testified for defendant and gave it as his opinion based

upon three personal interviews and from examining defendant's records that defendant was legally insane at the time of the crime. Records indicated that defendant had been suffering from this mental illness for over 10 years and had previously been committed three or four times. Two other psychiatrists had also examined defendant at the time of arraignment and concluded that he was unfit to stand trial *(People v Silver, supra,* p 477). The proof in this case is quite different. This 19-year-old defendant was examined once by his medical witness. The doctor testified that defendant lacked the mental capacity to commit a crime because of a mental defect, but he was unfamiliar with the old test results of defendant's I.Q. or the mental history of defendant and there was no current testing. The record showed that defendant's intelligence was limited and he had always required special schooling. He did, however, attend school and was capable of holding a job requiriing limited skill. He owned and operated an automobile. There was nothing in the record to show that defendant had exhibited prior antisocial conduct suggesting that he was unable to differentiate right from wrong. The events on the night of the crime involved the use of two deadly weapons, multiple threats to kill or injure the victims, a fight involving all four persons when the girls tried to get control of the gun, an attempted escape by defendant's victim in which he chased her about 500 feet and forcibly returned her to the car and, finally, forcible rape and sodomy with a knife held at the victim's throat. The victim pleaded with defendant not to hurt her and defendant admitted that he knew he had frightened her. The doctor's testimony was that defendant knew what he was doing but was unable to appreciate that he was forcing himself upon this girl. We think upon this record that the jury was entitled to find otherwise without the assistance of expert medical testimony on behalf of the People. (Appeal from judgment of Oswego County Court, convicting defendant of rape, first degree and other charges.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.