■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LANCASTER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered December 1, 1977, convicting him of reckless endangerment in the first and second degrees and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant has advanced several arguments for reversal. We deem only the first to be worthy of judicial consideration. Defendant has had a history of mental illness from about the age of 14. He was 24 years old at the time of the incidents which formed the basis for the present indictment and conviction. The perpetration of the incidents was not contested. Rather, the defense was that the People failed to prove beyond a reasonable doubt that he had substantial capacity to know or appreciate the nature and consequences of his conduct and that such conduct was wrong (see Penal Law, § 30.05). Two psychiatrists testified that defendant was suffering from schizophrenia at the time of the commission of the crimes and, therefore, that he was not responsible for his actions. Because of this testimony, and because the People did not produce any psychiatric evidence in rebuttal, defendant contends that the presumption of his sanity had been overcome, citing, *inter alia, People v Silver* (33 NY2d 475). Therefore, defendant argues, the judgment should be reversed. The similarities in the fact patterns of *Silver* and the instant case are more apparent than real. To highlight the real difference between the two cases we point to the following statement in *Silver* (p 483): "we have concluded that although the presumption may be sufficient to sustain the People's burden in the absence of evidence to the contrary * * * or in the face of *weak* rebuttal proof, it cannot be given such weight when confronted by evidence of the quality introduced by the defendant during this trial" (emphasis supplied). At bar the testimony of the two psychiatrists produced by defendant was weak and was discredited to such an extent that the jury had a right to give it no credence. It developed that the psychiatrists were unacquainted with some of the material facts of the case and that the defendant had withheld from them facts of considerable concern. On cross-examination, when the psychiatrists were apprised of the facts withheld from them, all of which tended to demonstrate that the defendant was well aware of what he was doing during the periods involved, they conceded their ignorance as to the facts and, more importantly, conceded that theirs was an inexact science. Even though no testimony was offered by the People to contradict the testimony of the psychiatrists, it was still within the purview of the jury to reject their testimony altogether. "The weight to be given to opinion evidence ordinarily is entirely for the determination of the jury" *(Commercial Cas. Ins. Co. v Roman,* 269 NY 451, 456-457). Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.