■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO RIVERA, Appellant. — Judgment unanimously reversed, on the law and facts, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant, a college student, was charged with murder for stabbing to death his good friend and fellow student in the victim's dormitory room on the afternoon of March 5, 1978. At his nonjury trial, defendant raised the defense of insanity (Penal Law, § 30.05). Three well accredited psychiatrists, two of whom were appointed by the court to examine defendant, testified that on the date the crime was committed defendant was suffering from the mental disease of schizophrenia, paranoid type, and that he lacked the substantial capacity to know and appreciate the nature and consequences of his conduct or that such conduct was wrong. The court also received into evidence a similar opinion of a fourth psychiatrist, unable to testify at trial due to illness. The People produced no direct proof on the question of defendant's sanity. At the close of evidence, defense counsel moved for a directed verdict of acquittal in accordance with People v Silver (33 NY2d 475). The trial court denied such application, relying upon the trier of facts' long-recognized right to question the validity of opinion evidence, totally rejecting the expert psychiatric testimony produced by the defense. The court found defendant guilty of manslaughter in the first degree (Penal Law, § 125.20, subd 2) as a lesser included offense of murder, finding that defendant acted "under the influence of extreme emotional disturbance", as that term is defined in section 125.25 (subd 1, par [a]) of the Penal Law. From our review of the record we find this verdict to be erroneous. The law presumes every individual to be sane. In a criminal trial, however, once a defendant introduces evidence tending to establish the defense of insanity, the People have the burden of proving the defendant's sanity beyond a reasonable doubt (People v Silver, supra). Although the presumption of sanity may be sufficient to sustain the People's burden in the absence of evidence to the contrary or in the face of weak rebuttal proof (People v Lancaster, 65 AD2d 761; People v Woodworth, 47 AD2d 991), the presumption cannot be given such weight when confronted by evidence of the quality introduced by the defendant during this trial (People v Silver, supra, p 483). On this record, we find that the People failed to sustain their burden of proving defendant's sanity at the time of the homicide (People v Thompson, 34 AD2d 1097; People v Hari, 30 AD2d 1046). The trial court's finding of guilt was therefore against the weight of the evidence (People v Thompson, supra; People v Hari, supra; People v Lee, 29 AD2d 837). The trial court erred in denying defendant's motion for a directed verdict. Accordingly, the judgment of conviction must be reversed and the case remitted

to the trial court with directions to enter a directed verdict of acquittal by reason of mental disease or defect (CPL 470.45). Defendant may then be committed to the custody of the Commissioner of Mental Hygiene (CPL 330.10, subd 2). (Appeal from judgment of Erie Supreme Court — manslaughter, first degree.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.