■ In the Matter of JOHN G., Alleged to be a Person in Need of Supervision. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD G. et al., Appellants. (And Two Other Proceedings.) — Appeal from orders of the Family Court of Clinton County (Feinberg, J.), dated May 22, 1981, which (1) adjudicated John G. to be a person in need of supervision, (2) adjudicated said child to be an abused child, and (3) placed said child in the custody of the Clinton County Department of Social Services. John G., a developmentally disabled child, age 13, was the subject of three petitions before the Family Court which were consolidated for purposes of trial, namely, a petition alleging that he was a person in need of supervision (PINS) and two petitions alleging that he was a neglected and an abused child. The uncontested evidence of the child's continuous violent and offensive behavior both in school and on the school bus was clearly sufficient to sustain the court's finding that he was a PINS. Accepting the respondent parents' contention, for purposes of this appeal, that *mens rea* is a necessary element of a PINS adjudication, there was insufficient evidence to raise a reasonable doubt concerning this issue. The evidence that John G. was tested in 1973 as having an IQ of 41 and was hyperactive, without expert testimony that this precluded him from forming an intent to engage in his conduct, was insufficient to overcome the presumption of mental capacity (cf. *People v Lancaster,* 65 AD2d 761; *People v Woodworth,* 47 AD2d 991). That the child's behavior improved after he was removed from his parent's custody and placed temporarily in a foster home supports the inference that he had the mental capability substantially to control his conduct. Regarding the adjudication that he was an abused child, there was testimony from his teacher of her observations of physical injuries consisting of a head laceration and a welt, three inches in length, at the corner of the child's eye and of the child's agitated states after repeated instances of excessive physical punishment, partly admitted to by respondent father. This afforded a basis for the Family Court to find abuse, i.e., the intentional infliction of physical injury which created a substantial risk of protracted impairment of the child's emotional health and of the function of a bodily organ (Family Ct Act, § 1012, subd [e], par [i]). Thus, we affirm the fact-finding determinations of the Family Court. However, placement was ordered without holding a dispositional hearing as required under sections 746 and 1047 of the Family Court Act. While the record contains evidence supporting the court's determination to place the child, such placement should not have been determined without affording respondent parents a full opportunity to be heard and without considering current evaluations of both parents and the

child and a plan for rehabilitative services to the family to encourage and strengthen the parental relationship (Family Ct Act, § 1055, subd [c]; *Matter of Toni WW.*, 52 AD2d 108). Accordingly, the orders should be modified, by striking so much thereof as places the child with the department of social services, and the matter remitted to the Family Court of Clinton County with directions to hold a dispositional hearing and determine disposition as soon as practicable, and, as so modified, affirmed. Placement with the department of social services should be temporarily continued, pending results of such dispositional hearing. Orders modified, on the law, by striking so much thereof as places the child with the department of social services, and matter remitted to the Family Court of Clinton County with directions to hold a dispositional hearing and determine the same as soon as practicable, and, as so modified, affirmed, without costs; placement with the department temporarily continued pending results of such dispositional hearing. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.