■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONROE LESLIE, Appellant. — Judgment unanimously reversed, as a matter of discretion in the interest of justice, motion granted and plea vacated, and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: Defendant entered a negotiated plea of guilty of attempted criminal possession of a weapon in the third degree. At one point in the plea proceedings, defendant said "I didn't do it." Thereafter, however, he admitted to facts constituting the crime. Prior to sentencing, defendant moved to withdraw the plea (CPL 220.60, subd 3). Although the motion was based primarily upon a claim that the People were unable to prove their case, it was also based upon defendant's prior assertion of innocence. In response to the motion, the People made no claim of prejudice. Under the circumstances, the interests of justice would have been better served had defendant been permitted to withdraw his guilty plea (see *People v McIntyre*, 40 AD2d 1038; *People v East*, 39 AD2d 606). (Appeal from judgment of Erie County Court, Wolfgang, J. — attempted criminal possession of weapon, third degree.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CLARENCE BARNES, Appellant. — Judgment unanimously reversed, on the law and facts, defendant's motion granted, and matter remitted to Orleans County Court for further proceedings, in accordance with the following memorandum: Defendant, a farm laborer and former mental patient, was charged with murder for shooting to death his 17-year-old co-worker on September 9, 1979. At his jury trial, defendant raised the defense of insanity (Penal Law, § 30.05). Two psychiatrists, appointed by the court to examine defendant, testified on behalf of the People that when the crime was committed defendant was suffering from the mental disease of schizophrenia, paranoid type, and that he lacked the substantial capacity to know and appreciate the nature and consequences of his conduct or that such conduct was wrong. In a criminal case, once evidence is introduced tending to establish the defense of insanity, the People have the burden of proving defendant's sanity beyond a reasonable doubt (Penal Law, §§ 25.00, 30.05; *People v Silver*, 33 NY2d 475; *People v Rivera*, 78 AD2d 1002). Although the presumption of sanity may be sufficient to sustain the People's burden in the absence of evidence to the contrary or in the face of weak rebuttal proof (*People v Wofford*, 46 NY2d 962; *People v Lancaster*, 65 AD2d 761), the presumption cannot be given such weight here in light of the quality of the psychiatric evidence introduced at trial (see *People v Silver*, *supra*, p 483; *People v Rivera*, *supra*). On this record, we find that the People failed to sustain their burden of proving defendant's sanity at the time of the homicide (*People v Rivera*, *supra*; *People v Thompson*, 34 AD2d 1097; *People v Hari*, 30 AD2d 1046). Thus the trial court erred in denying defendant's motion to set aside the verdict of guilty as against the weight of the evidence. Accordingly, the judgment of conviction must be reversed, and the case must be remitted to the trial court with direction to enter a directed verdict of not responsible by reason of mental disease or defect (CPL 470.45; *People v Rivera*, *supra*, p 1003). The court must then issue an examination order pursuant to CPL 330.20 (subd 2). (Appeal from judgment of Orleans County Court, Miles, J. — murder, second degree.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.