■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KOHL, Appellant.—Judgment unanimously affirmed. Memorandum: Upon a bench trial, the court found defendant guilty of the intentional murder of Peter Schiltz (Penal Law § 125.25 [1]), depraved mind murder of two-year-old Matthew Schiltz (Penal Law § 125.25 [2]), and depraved mind assault in the first degree of three-year-old Joseph Schiltz (Penal Law § 120.10 [3]).

At trial, defendant asserted the affirmative defense of lack of criminal responsibility by reason of mental disease or defect (Penal Law § 40.15), and conflicting expert testimony was received on the issue. The trial court found that defendant failed to prove by a preponderance of the evidence that he lacked criminal responsibility, and concluded that the evidence was sufficient to demonstrate defendant's guilt beyond a reasonable doubt.

Of the several issues raised on appeal, only one requires comment. Defendant contends that Penal Law § 40.15, by shifting to him the burden of proving his lack of criminal responsibility, violates the due process clause of NY Constitution article I, § 6. We hold that it does not. Placing on defendant the burden of establishing insanity by a preponderance of the evidence (Penal Law § 25.00 [2]) does not relieve the People of proving all of the elements of the offense charged, including the culpable mental state, beyond a reasonable doubt (see, Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, 1987 Supp Pamph, Penal Law § 40.15, at 77-80).

The United States Supreme Court has sustained statutes placing the burden of proof of insanity on defendant under the Federal Constitution (Leland v Oregon, 343 US 790, reh denied 344 US 848; Rivera v Delaware, 429 US 877; see also, Martin v Ohio, 480 US —, 107 S Ct 1098). By similar analysis, the affirmative defense of extreme emotional disturbance has been declared constitutional under both the Federal and State Constitutions (People v Patterson, 39 NY2d 288, affd 432 US 197; cf., Mullaney v Wilbur, 421 US 684). Simply reconstituting the defense of insanity as an affirmative defense effects no impermissible shift of the burden of proof.

In reaching this conclusion, we explicitly reject defendant's argument that Penal Law § 40.15 is inconsistent with the decision in People v Silver (33 NY2d 475). In Silver, which was decided under the prior statutory scheme, the Court of Appeals reaffirmed that the presumption of sanity is sufficient to

sustain the People's burden in the absence of evidence to the contrary or in the face of weak rebuttal proof *(People v Silver, supra,* at 483; *see also, People v Barnes,* 98 AD2d 977). Reconstituting the defense of insanity as an affirmative defense does not run afoul of that holding. Instead, requiring defendant to establish insanity by a preponderance of the evidence merely recognizes the presumption until such proof is offered.

We have reviewed the other issues raised on appeal by defendant and find them to be without merit. (Appeal from judgment of Genesee County Court, Dadd, J.—murder, second degree, and assault, first degree.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.