■ In the Matter of NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KALISHA A. and Another, Appellant-Respondent, v DIOGNES T. et al., Respondents, and AURA T., Respondent-Appellant. [618 NYS2d 402] —In a child protective proceeding pursuant to Family Court Act article 10, the maternal grandmother, the Law Guardian, and the Commissioner of Social Services appeal from an order of disposition of the Family Court, Queens County (Clark, J.), dated April 20, 1992, which, upon a fact-finding determination of the same court dated August 12, 1991, made after a hearing, finding, *inter alia,* that the children were neglected, *inter alia,* placed the children in the custody of the Commissioner of Social Services until the end of June 1992.

Ordered that the appeals of the Law Guardian and the Commissioner of Social Services are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal of the maternal grandmother is dismissed as academic, without costs or disbursements.

The order of disposition dated April 20, 1992, was granted on consent, and the underlying finding of neglect is not being challenged on this appeal. The order of disposition is, therefore, not appealable. Furthermore, it has been superseded by a subsequent order of disposition dated January 7, 1993, which is beyond the scope of review of this appeal. In light of the order dated January 7, 1993, any corrective measures which this Court might have taken with respect to the order dated April 20, 1992, would have no practical effect. The appeal is, therefore, academic *(see, Matter of F. Children,* 199 AD2d 81; *Matter of Catherine W. v Donald W.,* 166 AD2d 651). Since the underlying finding of neglect is not being challenged on this appeal and in light of the subsequent order dated January 7, 1993, the finding of neglect will not "affect the appellant's status in potential future proceedings" *(cf., Matter of H. Children,* 156 AD2d 520). Because no exception to the mootness doctrine applies to this case, the appeal should be dismissed. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.