■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of OCTAVIA S., Also Known as OCTAVIUS S. et al., Respondent. ROZELLA S., Appellant. [679 NYS2d 415] —In a proceeding pursuant to Family Court Act article 10, the mother appeals from two orders of disposition of the Family Court, Queens County (Lubow, J.), both dated August 7, 1996, which, upon fact-finding orders of the same court, both dated December 7, 1995, determining that her children Ottavia S. a/k/a Octavius S. and Rozella S. were neglected, placed them with the Commissioner of Social Services for a period of one year. The appeal brings up for review the fact-finding orders dated December 7, 1995.

Ordered that the appeal from so much of the orders of disposition as placed the children in the care of the Commissioner of Social Services is dismissed, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the orders of disposition as placed the children in the care of the Commissioner of Social Services must be dismissed as academic because those orders expired by their own terms on August 7, 1997, and have been replaced by subsequent orders extending placement (see, Matter of Commissioner of Social Servs. [Jessica M.] v Anne F., 225 AD2d 620; Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T., 208 AD2d 844). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in potential future proceedings. Therefore, the appeal from so much of the orders of disposition as determined that the children were neglected is not academic (see, Matter of Eddie E., 219 AD2d 719; Matter of H. Children, 156 AD2d 520).

The respondent proved by a preponderance of the evidence that, because of the mother's mental illness, the children were at imminent risk of danger if they were to be released to her

care (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Jesse DD.,* 223 AD2d 929; *Matter of Baby Boy E.,* 187 AD2d 512). Contrary to the mother's contention, no showing of past or present harm to the children is necessary to support a finding of neglect (*see, Matter of Millar,* 35 NY2d 767; *Matter of Nassau County Dept. of Social Servs. [Raul B.] v Diane B.,* 231 AD2d 523). Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.