■ In the Matter of ARTHUR C. and Another, Children Alleged to be Neglected. VICTOR C. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES, Respondent. [688 NYS2d 572] —In a child neglect proceeding pursuant to Family Court Act article 10, the father and mother separately appeal from an order of disposition of the Family Court, Kings County (McLeod, J.), dated March 26, 1997, which, upon a fact-finding order of the same court, dated June 13, 1996, determining that their children were neglected, placed their children with the Commissioner of Social Services for a period of one year. The appeal brings up for review the fact-finding order dated June 13, 1996.

Ordered that the appeal by the mother is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal by the father from so much of the order of disposition as placed the children in the care of the Commissioner of Social Services is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as it determined that the father neglected his children, without costs or disbursements.

The father's appeal from so much of the order of disposition as placed the children in the care of the Commissioner of Social Services must be dismissed as academic because that order expired by its own terms after one year and has been replaced by a subsequent order extending placement (*see, Matter of Commissioner of Social Servs. [Octavia S.] v Rozella S.,* 255 AD2d 316; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.,* 225 AD2d 620; *Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T.,* 208 AD2d 844). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in any future proceedings. Therefore, the appeal by the father from so much of the order of disposition as determined that he neglected his children is not academic (*see, Matter of Eddie E.,* 219 AD2d 719; *Matter of H. Children,* 156 AD2d 520).

Contrary to the father's contention, the respondent proved by a preponderance of the evidence that the father neglected the children by his failure to protect them from the mother's drug and alcohol abuse (*see, Matter of R. W. Children,* 240 AD2d 207).

The father's remaining contention is without merit. Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.