■ In the Matter of MAXWELL B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HOPE B. et al., Appellants. [703 NYS2d 210] —In a child neglect proceeding pursuant to Family Court Act article 10, the mother and the father separately appeal from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated September 5, 1997, which found that they had both neglected the subject child, and (2) an order of disposition of the same court, dated October 27, 1997, which, *inter alia,* placed the child with the Commissioner of Social Services for nine months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated October 27, 1997; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child in the care of the Commissioner of Social Services for nine months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the child with the Commissioner of Social Services for nine months must be dismissed as academic because that order

expired by its own terms and was replaced by two subsequent orders extending placement (*see, Matter of Arthur C.*, 260 AD2d 478; *Matter of Commissioner of Social Servs. [Octavia S.] v Rozella S.*, 255 AD2d 316; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.*, 225 AD2d 620; *Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T.*, 208 AD2d 844). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the parents' status in any future proceedings. Therefore, the appeals from so much of the order of disposition as determined that the appellants neglected the child are not academic (*see, Matter of Arthur C., supra; Matter of Eddie E.*, 219 AD2d 719; *Matter of H. Children*, 156 AD2d 520).

Contrary to the appellants' contentions, the respondent proved by a preponderance of the evidence that they neglected the child. The record established the appellant Jeffrey B.'s assaultive behavior toward the child and domestic violence against the appellant Hope B., as well as Hope B.'s alcohol abuse and her failure to protect the child from Jeffrey B.'s assaultive conduct. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.