■ In the Matter of CIARA M., a Child Alleged to be Abused and/or Neglected. SONNY B., SR., Also Known as BERNARD S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of VENUS S., a Child Alleged to be Abused and/or Neglected. SONNY B., SR., Also Known as BERNARD S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of SONNY S., JR., a Child Alleged to be Abused and/or Neglected. SONNY B., SR., Also Known as BERNARD S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of NATHANIEL S., a Child Alleged to

be Abused and/or Neglected. SONNY B., SR., Also Known as BERNARD S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of EMMANUEL F., a Child Alleged to be Abused and/or Neglected. SONNY B., SR., Also Known as BERNARD S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of KIAM F., a Child Alleged to be Abused and/or Neglected. SONNY B., SR., Also Known as BERNARD S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of ELIZABETH F., a Child Alleged to be Abused and/or Neglected. SONNY B., SR., Also Known as BERNARD S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [708 NYS2d 717] —In seven related proceedings pursuant to Family Court Act, article 10, the father appeals (1), as limited by his brief, from so much of a fact-finding order of the Family Court, Kings County (Ambrosio, J.), entered July 1, 1998, in each proceeding, made, after a hearing, finding that he had sexually abused his daughter Ciara M. and neglected and derivatively abused his children Venus S., Sonny S., Jr., Nathaniel S., Emmanuel F., Kiam F., and Elizabeth F., and that he had applied excessive corporal punishment to all of the children, and (2) from seven orders of disposition (one as to each of the above-named children) of the same court (Lauria, J.), all dated October 7, 1998, which, upon the fact-finding order dated July 1, 1998, placed Ciara M. in the care of the Administration for Children's Services for 12 months and placed the children Venus S., Sonny S., Jr., Nathaniel S., Emmanuel F., Kiam F., and Elizabeth F. in the custody of the Commissioner of Social Services for 12 months, and directed that he be referred for sex abuse counseling, anger management counseling, parenting skills training, and a psychological evaluation with additional counseling if needed.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition dated October 7, 1998; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child Ciara M. in the care of the Administration for Children's Services, and the appeals from so much of the orders of disposition as placed the children Venus S., Sonny S., Jr., Nathaniel S., Emmanuel F., Kiam F., and Elizabeth F. in the custody of the Commissioner of Social Services, are dismissed, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The father's appeals from so much of the orders of disposition as placed the children in the care of the Administration of Children Services and Commissioner of Social Services must be dismissed as academic. The one-year placement periods have expired, and those provisions of the orders of disposition have been replaced by a subsequent order extending placement of the children (see, Matter of Commissioner of Social Servs. [Octavia S.], 255 AD2d 316; Matter of Danielle C., 253 AD2d 431; Matter of Commissioner of Social Servs. [Jessica M.] v Anne F., 225 AD2d 620).

However, although the orders of disposition have expired, the adjudication of abuse and neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in potential future proceedings. Therefore, the appeals from so much of the orders of disposition as determined that the children were neglected and abused are not academic (see, Matter of Danielle C., supra; Matter of Eddie E., 219 AD2d 719; Matter of H. Children, 156 AD2d 520).

The respondent proved by a preponderance of the evidence that the children were neglected and abused by the father (see, Family Ct Act § 1046 [b] [i]). The evidence established that the father abused and neglected the subject children as a result of the sexual abuse which he committed against his daughter Ciara M. and the excessive corporal punishment he inflicted upon all of the children. Ritter, J. P., Thompson, S. Miller and Florio, JJ., concur.