■ In the Matter of NICOLE H., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; ROSE D., Appellant. [717 NYS2d 222] —In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Kings County (Hepner, J.), dated December 2, 1998, which, after a hearing, found that the subject child had been neglected, and (2) an order of disposition of the same court, dated April 16, 1999, which released the child to her under the supervision of the Commissioner of the Administration for Children's Services of the City of New York for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as released the child to the mother under the supervision of the Commissioner of the Administration for Children's Services of the City of New York for a period of one year is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the child to the mother under the supervision of the Commissioner of the Administration for Children's Services of the City of New York must be dismissed as academic because

that portion of the order has expired by its own terms. Therefore, any corrective measures which this Court might have taken with respect to the placement of the child would have no practical effect (*see, Matter of New York City Dept. of Social Servs. [Kalisha A.] v Diognes T.*, 208 AD2d 844). However, the appeal from so much of the order of disposition as determined that the child was neglected is not academic (*see, Matter of Maxwell B.*, 269 AD2d 444) since the underlying finding of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings (*see, Matter of Arthur C.*, 260 AD2d 478; *Matter of Commissioner of Social Servs. [Vincent D.] v Vincent D. II*, 232 AD2d 410; *Matter of H. Children*, 156 AD2d 520).

Contrary to the appellant's contention, the finding that she neglected the child by keeping a loaded weapon under the mattress where she and the child slept was supported by a preponderance of the evidence. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.