■ In the Matter of JASON T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FEDERICO T., Appellant. (Proceeding No. 1.) In the Matter of JADEN T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FEDERICO T., Appellant. (Proceeding No. 2.) [768 NYS2d 662]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Queens County (Clark, J.), dated September 25, 2002, which, after a hearing, found that he abused the child Jason T., (2) an order of disposition of the same court dated November 26, 2002, which upon the fact-finding order, inter alia, directed that the child Jason T. be released to the custody of the mother without supervision and prohibited the petitioner from allowing the father to have visitation, and (3) an order of disposition of the same court, also dated November 26, 2002, which, among other things, directed that the child Jaden T. be released to the custody of the mother without supervision.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition with respect to the child Jason T.; and it is further,

Ordered that the appeal from the order of disposition with respect to the child Jaden T., is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of disposition with respect to the child Jason T., is modified, on the law and the facts, by (1) deleting all provisions thereof referring to the child Jason T. as an abused child and substituting therefor a provision adjudicating him to

be a neglected child within the meaning of Family Court Act § 1012 (f) (i) (B), and (2) deleting the provision thereof prohibiting the petitioner from allowing the father to have visitation; as so modified, the order of disposition is affirmed, without costs or disbursements, the fact-finding order is modified accordingly, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that pending further proceedings in the Family Court, Queens County, the visitation provisions prescribed in the order of disposition with respect to the child Jason T., dated November 26, 2002, shall remain in effect.

In a child protective proceeding, the petitioner has the burden of proving abuse by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1 [1985]). Family Court Act § 1012 (e) defines an "abused child" as a "child less than eighteen years of age whose parent . . . creates a . . . substantial risk of physical injury to such child by other than accidental means which would be likely to cause death or serious or protracted disfigurement." Family Court Act § 1012 (f) (i) defines a "neglected child" as one whose "physical . . . condition has been impaired . . . as a result of the failure of his parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision . . . by unreasonably inflicting . . . harm, or a substantial risk thereof."

In this case, the agency failed to establish by a preponderance of the evidence that Jason T. was an abused child (*cf. Matter of Lauren B.*, 200 AD2d 740 [1994]). During the course of a domestic dispute with the mother, and aware that Jason T., then eight years old, was playing behind a sofa, the father threw a ceramic vase in the direction of the sofa and struck the child, causing injury. While the father's action was reckless and we do not condone his behavior, given the circumstances surrounding the incident, the fact that this was an isolated and unintentional occurrence, as well as the fact that the father immediately sought medical attention for the child, a finding of abuse was not warranted (*see Matter of Rosina W.*, 297 AD2d 639, 640 [2002]; *Matter of P. Children*, 272 AD2d 211 [2000]). However, the facts do support a finding of neglect (*see generally Matter of Michael I.*, 276 AD2d 839 [2000]; *Matter of Maxwell B.*, 269 AD2d 444, 445 [2000]).

In light of our determination, we remit the matter to the Family Court, Queens County, to reconsider the issue of the father's visitation rights which were terminated after the finding of abuse. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.