■ In the Matter of MAYABELLE F., a Child Alleged to be Abused and Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER F. et al., Appellants. (Proceeding No. 1.) In the Matter of MALACHEI T., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER F. et al., Appellants. (Proceeding No. 2.) In the Matter of MILES F., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER F. et al., Appellants. (Proceeding No. 3.) In the Matter of MARIAH F., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENNIFER F. et al., Appellants. (Proceeding No. 4.) [773 NYS2d 614]—

In four related child protective proceedings pursuant to Fam-

ily Court Act article 10, Jean Emanuel T. appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Orange County (Klein, J.), dated June 14, 2002, as, after a fact-finding hearing, found that he abused the child Mayabelle F., and Jennifer F. separately appeals from the same order.

Ordered that the appeal by Jennifer F. is dismissed, without costs or disbursements, as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from by Jean Emanuel T., without costs or disbursements.

The evidence adduced at the fact-finding hearing established by a preponderance of the evidence that Jean Emanuel T. (hereinafter the appellant) abused the child Mayabelle F. (see Family Ct Act § 1012 [e] [iii]; § 1046 [a] [ii]). Contrary to the appellant's contentions, a finding of abuse may be based on a single incident (see Matter of Rosina W., 297 AD2d 639 [2002]; Matter of Barbara S., 244 AD2d 556 [1997]; Matter of New York City Dept. of Social Servs. [Amanda R.] v Alex R., 209 AD2d 702 [1994]), and he was given ample opportunity by the Family Court to cross-examine the interviewing police officer regarding the circumstances surrounding his admission to the police while he was being questioned. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.