■ In the Matter of ANTHONY O., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LILLIAN O., Appellant. (Proceeding No. 1.) In the Matter of NICHOLAS K., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LILLIAN O., Appellant. (Proceeding No. 2.) In the Matter of TABITHA K., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LILLIAN O., Appellant. (Proceeding No. 3.) [779 NYS2d 228]—In three related child neglect proceedings pursuant to Family Court Act article 10, the maternal grandmother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Cooney, J.), dated March 6, 2003, which, after a hearing, found that the subject children were neglected, continued their placement with the Commissioner of the Westchester County Department of Social Services for one year, and extended the placement until April 1, 2003.

Ordered that the appeal from so much of the order of fact-finding and disposition as continued placement of the children with the Commissioner of the Westchester County Department of Social Services for one year and extended the placement until April 1, 2003, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as continued placement of the children with the Commissioner of the Westchester County Department of Social Services must be dismissed as academic. That portion of the order expired by its own terms on April 1, 2003 (see Matter of Garth S., 309 AD2d 940, 941 [2003], lv denied 1 NY3d 506 [2004]; Matter of Nathifa B., 294 AD2d 432 [2002]; Matter of Hope S., 278 AD2d 329, 330 [2000]). However, the appeal from so much of the order of fact-finding and disposition as found that the subject children were neglected is not academic, since a finding of neglect constitutes a permanent and significant stigma from which potential future consequences may flow (see Matter of Jessica DiB., 6 AD3d 533 [2004]; Matter of Nathifa B., supra).

Contrary to the appellant's contention, the Family Court's determination that she neglected the subject children is supported

by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [A]; § 1046 [b] [i]; *Matter of Jessica DiB., supra; Matter of Nathifa B., supra; Matter of Noemi B.,* 273 AD2d 304 [2000]; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.,* 225 AD2d 620 [1996]; *Matter of Lillian R.,* 196 AD2d 503, 504 [1993]). Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.