■ In the Matter of Jose I., Jr., a Child Alleged to be Neglected. Administration for Children's Services, Respondent; Brenda E., Appellant. (Proceeding No. 1.) In the Matter of Tiana E., a Child Alleged to be Neglected. Administration for Children's Services, Respondent; Brenda E., Appellant. (Proceeding No. 2.) In the Matter of Jessica E., a Child Alleged to be Neglected. Administration for Children's Services, Respondent; Brenda E., Appellant. (Proceeding No. 3.) In the Matter of Joseph N., a Child Alleged to be Neglected. Administration for Children's Services, Respondent; Brenda E., Appellant. (Proceeding No. 4.) In the Matter of Deborah E., a Child Alleged to be Neglected. Administration for Children's Services, Respondent; Brenda E., Appellant. (Proceeding No. 5.) [787 NYS2d 336]—

In five related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Freeman, J.), dated October 9, 2003, which, upon a fact-finding order of the same court dated May 5, 2003, made after a hearing, finding that she neglected her children Jose I., Jr., Tiana E., Jessica E., and Deborah E., and derivatively neglected her child Joseph N., placed the subject children in the custody of the Commissioner of the Administration for Children's Services for a period of up to 12 months, effective March 29, 2003. The appeal brings up for review the fact-finding order dated May 5, 2003.

Ordered that the appeal from so much of the order of disposition as placed the subject children in the custody of the Commissioner of the Administration for Children's Services for a period of up to 12 months, effective March 29, 2003, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the order of disposition as placed the children in the custody of the Commissioner of the Administration for Children's Services for a period of up to 12 months, effective March 29, 2003, must be dismissed as academic because that provision of the order expired by its own

terms on March 29, 2004, and has been replaced by a subsequent order extending placement (*see e.g. Matter of Sal D.,* 307 AD2d 261, 262 [2003]). However, the adjudications of neglect and derivative neglect have not been rendered academic, as a finding of neglect constitutes a permanent and significant stigma from which potential future consequences may flow (*see e.g. Matter of Sanel V.,* 11 AD3d 623 [2004]; *Matter of Anthony O.,* 8 AD3d 573 [2004]).

Contrary to the mother's contention, the petitioner proved by a preponderance of the evidence that the mother neglected her four older children in that their physical, mental, or emotional conditions were impaired, or were in imminent danger of becoming impaired, due to her failure to exercise a minimum degree of care in providing them with proper supervision or guardianship (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [vi]; [b] [i]; *Matter of Anthony O., supra*). The petitioner also proved by a preponderance of the evidence that the mother derivatively neglected the fifth child (*see* Family Ct Act § 1046 [a] [i]; *Matter of Sanel V., supra; Matter of Christina Maria C.,* 89 AD2d 855 [1982]). After a prima facie case of neglect was established, the burden of going forward shifted to the mother (*see Matter of Peter R.,* 8 AD3d 576, 577 [2004]; *Matter of Kortney C.,* 3 AD3d 532 [2004]). Here, the Family Court, confronted primarily with issues of credibility, found that the mother failed to come forward with satisfactory evidence to rebut the petitioner's case. On this record, we find no basis to disturb the Family Court's findings (*see Matter of Cassandra C.,* 300 AD2d 303, 304 [2002]).

The mother's remaining contentions are without merit. S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.