Desmond, J.
In July, 1958 defendant made a motion in County Court, Queens County, to vacate his 1953 conviction in that court on the ground (now just about conceded to be correct) that in 1953 he had been convicted of a felony on an indictment which alleged facts which could constitute no more than a misdemeanor. The County Court, while it vacated that 1953 judgment, denied the other part of defendant’s application wherein he asked permission to withdraw his plea of guilty on which plea he had been convicted in 1953. In other words, defendant in 1958 moved to vacate the 1953 conviction and to withdraw his plea of guilty entered at that earlier time but the County Court, while vacating the earlier judgment, refused to permit the withdrawal of the plea, considered the indictment as properly alleging a misdemeanor instead of a felony, ordered that defendant’s earlier plea of guilty to the felony stand as a plea of guilty to the misdemeanor, and resentenced defendant nunc pro tunc, for the misdemeanor, to an indeterminate sentence in the New York Penitentiary in place of the 5- to 10-year prison sentence imposed on defendant in 1953 for the supposed felony.
The indictment filed against defendant and another person in 1952 and to which defendant pleaded guilty in 1953 read in full as follows:
“ THE GRAND JURY OF THE COUNTY OF QUEENS, by this indictment, accuse the defendants of the crime of CARRYING A DANGEROUS WEAPON, as a Felony Offense, committed as follows: The defendants, acting in concert, on or about February 9th, 1952, in the County of Queens, being then over the age of sixteen years, had a pistol loaded with ammuni *86 tion at the time, without a valid, written license therefor, in an automobile.” The indictment was defective, as we shall point out later, in labeling as a felony detailed facts which under the statute could constitute no more than a misdemeanor. Defendant argues that it was not only defective but a nullity and that, therefore, his guilty plea was a nullity and he had a right to withdraw it. As a sort of alternative, he argues that it was an abuse of discretion for the County Court, having ruled that defendant had mistakenly pleaded guilty to a felony, not to allow him to withdraw that plea and plead anew to the misdemeanor. The latter position seems the correct one. Although there is no precise authority on the point it would seem that, once it was held that a defendant had pleaded to a felony because the indictment mistakenly charged a felony whereas the alleged facts constituted a misdemeanor only, he had a right to plead anew to the indictment considered as one for a misdemeanor. Although not precisely in point, People v. Farina (2 N Y 2d 454) is in accord with this reasoning (see, also, discussion in People v. Sullivan, 3 N Y 2d 196, 198,199).
In one sense it is true, as the District Attorney says, that defendant was not prejudiced by all this since he got a lighter sentence for the misdemeanor. But was he not deprived of his fundamental right to plead to the misdemeanor charge? And could it not be that he pleaded guilty because he was charged with a “ felony ”? It follows, we think, that under all the circumstances it was an abuse of discretion not to allow the plea to be withdrawn as well as to strike down the sentence.
While defendant argues that no crime at all was charged in the indictment, his real position seems to be that a misdemeanor only was charged and that has been held in his favor by both courts below and seems correct. The absence of any allegation that defendant had previously been convicted prevents the application of subdivision 5 of section 1897 of the Penal Law which makes it a felony for one to possess any firearm of a size which may be concealed upon the person without a license if he has been previously convicted of any crime. For the same reason the acts charged in this indictment could not be a felony under subdivision 4 of section 1897. The facts alleged could not constitute a felony under subdivision 5-a of section 1897 since that subdivision requires that a loaded firearm or a firearm and a *87 quantity of ammunition which may be used to discharge the firearm be carried concealed upon the person.
There seems to be no controlling decision. The District Attorney puts reliance on People ex rel. Wachowicz v. Martin (293 N. Y. 361) but the Wachowicz holding was this only: that when a defendant deliberately and designedly pleaded guilty to a lesser but not an included charge, there was not such a lack of jurisdiction as to permit habeas corpus. The prosecutor argues, too, that the granting or denial of a motion for withdrawal of a guilty plea is within the discretion of the court. As a generality that is true but it should not be applied to situations like this where the plea of guilty was entered by mistake of all concerned.
The judgment appealed from should be reversed and the case remitted to the County Court of Queens County for further proceedings not inconsistent with this opinion.
Judges Dye, Froessel and Van Voorhis concur with Judge Desmond; Chief Judge Conway and Judges Fuld and Burke dissent and vote to affirm.
Judgment reversed, etc.