■ JOHANNA O'KEEFE, Respondent, v. TWIN COUNTY TRANSIT MIX, INC. et al., Appellants.— Appeals from an order of the Supreme Court, Suffolk County, entered October 22, 1971, which granted plaintiff's motion for leave to increase the *ad damnum* clause in her amended complaint from $500,000 to $2,000,000. Appeals dismissed, without costs. In view of our modification of the interlocutory judgment so as to strike the decretal provisions which were in favor of plaintiff and to dismiss the amended complaint insofar as it is against appellants, in a decision rendered herewith (*O'Keefe* v. *Staples,* 39 A D 2d 605), the appeals from this order have become moot. If we were not dismissing the appeals from the order, we would reverse the order and deny plaintiff's motion (*Hines* v. *City of Poughkeepsie,* 36 A D 2d 830). Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLTON ANDREW EAST, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 8, 1970, convicting him of robbery in the third degree, upon his plea of guilty, and sentencing him to an indefinite prison term of not more than seven years. The appeal also brings up for review the Criminal Term's denial, after a hearing, of defendant's motion to withdraw his plea of guilty. Judgment reversed, in the interests of justice, motion granted, and case remanded to the Criminal Term for further proceedings not inconsistent herewith. Within a few days after the entry of his plea of guilty, defendant moved to withdraw the plea. At the hearing held on the motion defendant set forth an arguable claim of innocence and the People made no claim of prejudice. Under the circumstances, we conclude that the interests of justice would better have been served had defendant been permitted to withdraw his plea. The above-noted factors distinguish this case from *People* v. *Dixon* (29 N Y 2d 55), cited by respondent. Rabin, P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.