Per Curiam.

Defendant was sentenced to 15 years to life as a fourth-felony offender. No one concerned with the plea, neither the Judge, the District Attorney, nor the defendant’s lawyer, knew at the time of plea defendant would thereby become a fourth-felony offender, greatly increasing the mandatory sen *842 tence, nor did the defendant know the legal status and magnitude of his earlier convictions.
As a matter of law, then, it appears from the testimony at the hearing that there was a mutual mistake of fact and law in the giving and acceptance of defendant’s plea to felony. With the low level of defendant’s education, his tubercular condition at the time, and the willingness of the prosecutor to accept a lesser plea on the assumption that defendant was not a fourth offender, it is manifest the plea was not given or accepted with knowledge of the relevant circumstances. (Cf. Jones v. United States, 440 F. 2d 466.)
On the appeal in the criminal action, the order should be reversed, the sentence vacated and defendant permitted to withdraw the plea of guilty to attempt to possess narcotics with intent to sell taken May 26, 1965.
The appeal from the order in the habeas corpus proceeding should be dismissed on the ground an appeal does not lie in the absence of permission.