■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORY LOWRANCE, Appellant. [Appeal No. 1181.]—Judgment, Supreme Court, Bronx County, rendered September 7, 1973, convicting the defendant, after a jury trial, of attempted assault in the first degree, reckless endangerment in the first degree, and possession of a weapon as a felony, unanimously reversed, on the law and the facts and in the exercise of discretion, and a new trial granted. While the jury's verdict was not against the weight of the evidence, the conclusion is inescapable that the defendant was denied a fair trial (People v Crimmins, 36 NY2d 230, 238), due to prosecutorial misconduct. The trial prosecutor apparently intentionally injected racial prejudice into the proceedings when he asked his witness, the defendant's estranged wife, who unexpectedly gave testimony not helpful to the People, whether she refused "to discuss any aspect of this case with me because of the color of my skin?". Further, he asked questions about "Black Muslims" which were not material to the issues, and even with respect to a person's name "what does the X stand for?" when it was apparent that it would indicate membership in the Black Muslims. [Appeal No. 1182.] Judgment, Supreme Court, Bronx County, rendered September 7, 1973, convicting the defendant on his guilty plea of attempted burglary and sentencing him to an indeterminate term up to four years, affirmed. It is contended by the defendant that his guilty plea to a related indictment was entered explicitly so that he could dispose of related cases by accepting concurrent sentences, and that his guilty plea was tainted by the unfairness of the trial in a related matter, and therefore the judgment on the guilty plea should be vacated. The plea that was entered was in satisfaction of three separate outstanding indictments, and the defendant admitted his guilt at the time of the plea. His motivation cannot affect this concession. That prosecutorial misconduct requires the vacating of the judgment of conviction after the jury trial should not "provide a guilty defendant with an undeserved windfall." (People v Alicea, 46 AD2d 322, 323. See, also, People v Miller, 50 AD2d 757; cf. People v La Ruffa, 37 NY2d 58, 61.) Concur—Markewich, J.P., Kupferman, Lupiano and Nunez, JJ.; Murphy, J., dissents in the following memorandum: Murphy, J. concurs as to Appeal No. 1181 and dissents as to Appeal No. 1182, as follows: While I agree with my colleagues that defendant's conviction after trial must be reversed, I would go further and also reverse the conviction predicated on the plea, vacate the same and wipe the slate clean. Defendant's conviction of attempted burglary arose from an incident in which he is alleged to have unlawfully entered his mother-in-law's apartment and assaulted his wife. While there is some question posed as to the sufficiency of the factual basis for the plea, my vote to reverse is predicated solely on the ground that defendant's trial was so egregiously unfair as to taint the plea, which was a direct fruit thereof. In such connection, it must be noted that defendant was induced to enter the plea on the prosecutor's promise to recommend a sentence concurrent with the one imposed under his conviction after trial. Nothing herein contained, of course, is intended to imply that a defendant, under ordinary circumstances, may enter a plea of guilty after a conviction by trial and then seek to invalidate the plea following reversal of the first judgment. But the circumstances here are, unfortunately, far from ordinary. To paraphrase Chief Judge Breitel, who vacated a guilty plea in another context, the State is not

so short of grist for its criminal mill that it must absorb convictions by upholding guilty pleas motivated even in part by the outrageous and deplorable conduct of its prosecutors. (See *People v Flowers,* 30 NY2d 315, 319.)