■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT H. GRIFFIN, JR., Appellant.—Appeals by defendant from two judgments of the County Court, Nassau County, both rendered September 9, 1977, convicting him of robbery in the first degree (Ind. No. 45764) and burglary in the third degree (Ind. No. 45980), upon his pleas of guilty, and imposing concurrent sentences. Judgment rendered under Indictment No. 45764 reversed, on the law, plea of guilty to robbery in the first degree vacated and case remitted to the County Court for further proceedings consistent herewith. Judgment rendered under Indictment No. 45980 affirmed. Under the circumstances of the instant case, wherein the uncontradicted evidence indicated that defendant's plea of guilty to robbery in the first degree was motivated, at least in part, by a well-substantiated threat of death to his wife if he testified in his own behalf, it was an abuse of discretion for the pleading court to refuse to grant defendant's presentence motion to reinstate his plea of not guilty (see *People v Flowers,* 30 NY2d 315; see, also, *People v Grant,* 45 NY2d 366; *People v Rolston,* 66 AD2d 617; cf. *People v Lewis,* 46 NY2d 825), especially in the absence of demonstrable prejudice to the People (see *People v McIntyre,* 40 AD2d 1038; *People v East,* 39 AD2d 606). The conviction of burglary in the third degree is not, however, similarly affected, and must be affirmed (see *People v Lowrance,* 50 AD2d 769, affd 41 NY2d 303). Damiani, J. P., Gulotta and Margett, JJ., concur.

Cohalan, J., concurs in the affirmance of the burglary conviction, but otherwise dissents and votes to affirm the robbery conviction.

■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ORMOND, Appellant.—Appeal by defendant from a judgment of Supreme Court, Queens County, rendered February 26, 1979, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The cross-examination of the defendant, during which the prosecutor compelled him to characterize prosecution witnesses as liars, was improper (see *People v Mariable,* 58 AD2d 877; *People v Crossman,* 69 AD2d 887), but in light of the overwhelming evidence of defendant's guilt, we hold that the error was harmless. None of defendant's other arguments have merit. Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.