■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT H. GRIFFIN, JR., Appellant.—On the court's own motion, its decision and order *(People v Griffin,* 73 AD2d 629), both dated December 10, 1979, are recalled and vacated and the following substituted decision is rendered: Appeals by defendant from two judgments of the County Court, Nassau County, both rendered September 9, 1977, convicting him of robbery in the first degree and burglary in the third degree, upon his pleas of guilty, and imposing concurrent sentences. Judgments reversed, on the law, pleas vacated and case remitted to the County Court, Nassau County, for further proceedings consistent herewith. Under the circumstances of the instant case, wherein the uncontradicted evidence indicated that defendant's plea of guilty to robbery in the first degree was motivated, at least in part, by a well-substantiated threat of death to his wife if he testified in his own behalf, it was an abuse of discretion for the pleading court to refuse to grant defendant's presentence motion to reinstate his plea of not guilty (see *People v Flowers,* 30 NY2d 315; see, also, *People v Grant,* 45 NY2d 366; *People v Rolston,* 66 AD2d 617; cf. *People v Lewis,* 46 NY2d 825), especially in the absence of demonstrable prejudice to the People (see *People v McIntyre,* 40 AD2d 1038; *People v East,* 39 AD2d 606). Defendant's plea of guilty to burglary in the third degree was entered upon the express promise that the sentence to be imposed thereon would run concurrently with the sentence to be imposed upon the robbery conviction. The pleas were therefore inextricably intertwined and in light of the reversal of defendant's robbery conviction, the judgment convicting him upon his contemporaneous plea of guilty to burglary in the third degree must also be reversed and that plea vacated (see *People v Clark,* 45 NY2d 432; see, also, *People v Rogers,* 48 NY2d 167; *People v Schaaff,* 77 AD2d 607). Damiani, J. P., Gulotta and Margett, JJ., concur; Cohalan, J., dissents and votes to affirm the judgments.