█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE McZORN, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered February 29, 1984, convicting him of murder in the second degree, kidnapping in the first degree and robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant's claim that his plea allocution was insufficient is without merit. The trial court conducted an extremely careful and detailed plea allocution which amply satisfied the requirements of *People v Harris* (61 NY2d 9). The record demonstrates that the defendant was specifically advised of his potential intoxication defense and that he made a knowing and voluntary waiver of such defense during the plea allocution *(cf. People v Jimenez,* 73 AD2d 533; *People v Quiles,* 72 AD2d 610). Furthermore, the defendant's claim that he was misadvised by counsel of the potential sentence he faced if convicted after trial is belied by the record. The defendant specifically stated on the record that his counsel advised him that the minimum permissible sentence for the top count was 15 years to life and the maximum was 25 years to life.

The defendant's ineffective assistance of counsel claim is without merit *(see, People v Baldi,* 54 NY2d 137). The record of the colloquy between the court and the defendant at the

time the defendant pleaded guilty establishes that he was fully advised of his rights and the consequences of his plea, and manifested an understanding of the nature and consequences of that plea. Lastly, we find no abuse of discretion in the imposition of the sentence which was in compliance with the provisions of Penal Law § 70.00 (3) (a). Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.