■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered February 9, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal that the court erred in accepting his guilty plea without inquiring further as to whether he was knowingly waiving his potential justification defense. However, having failed to move to withdraw his plea of guilty, the defendant has failed to preserve this claim for appellate review (see, CPL 470.05 [2]; People v Pellegrino, 60 NY2d 636). In any event, the record demonstrates that both the court and the defense counsel inquired as to whether the defendant understood that by pleading guilty he waived his right to raise a justification defense. The defendant acknowledged that he understood and, thereafter, he made a knowing and voluntary waiver of that defense (see, People v McZorn, 121 AD2d 473, lv denied 68 NY2d 771; cf., People v Quiles, 72 AD2d 610). The record further amply demonstrates that the court conducted a detailed plea allocution which fully satisfied the requirements of People v Harris (61 NY2d 9).

We also find that the defendant's arguments with respect to those branches of his omnibus motion which were to suppress his inculpatory statements to law enforcement officials and certain identification testimony have been waived by his guilty plea because the defendant specifically withdrew his motion and pleaded guilty prior to a judicial resolution of his suppression claims (see, People v Fernandez, 67 NY2d 686, 688; People v Plummer, 122 AD2d 285, lv denied 68 NY2d 916; People v Pescatore, 102 AD2d 834). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.