■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SCOTTI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 3, 1985, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find no violation of the defendant's Sixth Amendment right to retain counsel of his own choosing without unwarranted judicial interference *(see, Matter of Abrams [Anonymous],* 62 NY2d 183, 200; *People v Gomberg,* 38 NY2d 307, 312-313). Under the circumstances disclosed by defense counsel in requesting that he be permitted to withdraw from further representation of the defendant, in which application the People joined, the trial court properly relieved counsel over the defendant's objections. Defense counsel apprised the court that after listening to the results of a wiretap on the telephone of the defendant's alleged narcotics supplier, he realized that a conflict of interest barred his continued representation of the defendant because counsel also represented

the supplier. The parties agreed that the recordings were likely to be introduced in evidence and the supplier called to testify against the defendant at trial. Counsel, of course, would be precluded from effectively cross-examining the supplier. Counsel further noted that the fact that he is heard on the recordings speaking with the supplier on personal friendly terms might result in further prejudice to the defendant.

As recognized by the trial court, the standards of professional responsibility preclude an attorney from representing both the defendant and a witness who will testify against the defendant in a criminal proceeding, even with the full consent of the defendant (see, NY State Bar Association, Ethics Opinion 290 [1973]; Code of Professional Responsibility, DR 5-105 [B]; EC 5-14, 5-15). Once defense counsel demonstrated a clear conflict of interest, such that his continued representation of the defendant was likely to result in unfair prejudice to all those concerned, the defendant could not preclude counsel from withdrawing (see, Wheat v United States, 486 US —, 100 L Ed 2d 140; People v Hall, 46 NY2d 873, 875, cert denied 444 US 848; cf., People v Salcedo, 68 NY2d 130).

The defendant's claims regarding the sufficiency of his· plea allocution are not preserved for appellate review in view of his failure to move to withdraw the plea before the court of first instance (People v Claudio, 64 NY2d 858, 859; People v Panico, 130 AD2d 777). In any event, we find no substantive merit to the defendant's challenges to the propriety of the court's acceptance of his guilty plea. The plea allocution satisfied the requirements of People v Harris (61 NY2d 9) and the facts recited by the defendant at the allocution were sufficient to establish the requisite elements necessary to sustain a conviction for criminal sale of a controlled substance in the second degree (see, Penal Law § 220.41). The defendant's claim that the court failed to comply with its duty to inquire concerning possible defenses is belied by the record (see, People v Martin, 133 AD2d 852; People v Vaughn, 119 AD2d 779, lv denied 68 NY2d 760). In view of the fact that the defendant was specifically advised of potential entrapment and agency defenses during the plea allocution and admitted that he had discussed these defenses with counsel, he cannot now be heard to complain that he did not make a knowing and voluntary waiver of those defenses (see, People v Suba, 130 AD2d 526, 527; People v McZorn, 121 AD2d 473, lv denied 68 NY2d 771). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.