■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DE JESUS, Appellant. [606 NYS2d 255] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered January 29, 1992, convicting him of endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the defendant's motion to withdraw his plea is granted, the guilty plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On September 19, 1989, the defendant, a law student and a case worker for the New York City Human Resources Administration, visited a foster home to investigate allegations that the foster mother had mistreated one of her foster children.

While at the premises, the defendant privately interviewed one of the other foster children, the complainant herein, who was then five years old. During that interview, another caseworker and the foster mother were outside the room. Later that same day, the child claimed that the defendant had penetrated her vagina with his finger during the interview. Following an investigation, the defendant was indicted for sexual abuse in the first degree and endangering the welfare of a child.

On September 3, 1991, the defendant entered a guilty plea pursuant to *North Carolina v Alford* (400 US 25) to the misdemeanor of endangering the welfare of a child in exchange for a promised sentence of three years probation. Pursuant to that plea, he remained mute with respect to the factual allegations of the crime and merely acknowledged that he was pleading guilty to the offense so that he would not be subjected to a jury trial and risk a felony conviction with a potential maximum sentence of seven years. Shortly after the plea, the prosecutor received a telephone call from the child's natural mother, who stated that the child had told her that the allegations were a lie. The defendant and his counsel also were apprised of the child's recantation, and a videotaped recantation was eventually obtained. Prior to sentencing, the defendant moved to withdraw his plea, *inter alia,* based on the recantation and upon his claim that he was innocent. Following a lengthy hearing which explored the issues of the validity of the defendant's plea and of the recantation itself, the court denied the motion. We now reverse and conclude that under the peculiar circumstances of this case, the court improvidently exercised its discretion in denying the defendant's motion to withdraw his plea.

It is well settled that a motion to withdraw a guilty plea prior to sentencing is addressed to the sound discretion of the court *(see,* CPL 220.60 [3]; *People v Cance,* 155 AD2d 764; *People v Howard,* 138 AD2d 525), and such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea *(see, People v Cance, supra).* While a generalized and unsubstantiated claim of innocence is not sufficient to warrant the vacatur of a guilty plea *(see, People v Carter,* 191 AD2d 640; *People v Stephens,* 175 AD2d 272; *People v Williams,* 156 AD2d 497), the hearing record in this case establishes that the recantation evidence, while far from conclusive, presented some tenable support for the defendant's claim. Indeed, the child complainant testified that the defendant never in fact

touched her and that she fabricated the allegation of sexual abuse at the insistence of her foster mother, who allegedly told her that she would be reunited with her natural mother if she made the false charge. This testimony was corroborated to varying degrees by the natural mother, the child's new case worker, and the office director of the foster care agency responsible for the child. Moreover, the defendant's attorney testified that he advised the defendant to enter an *Alford* plea to the misdemeanor offense, despite his protestations of innocence, in order to avoid the possibility of incarceration and the risk that he would not be admitted to the bar if he was convicted of a felony after trial. Similarly, the defendant denied any criminal conduct and stated that he took the *Alford* plea on the advice of his attorney.

Although we recognize that recantation evidence is generally considered inherently unreliable *(see, People v Baxley,* 194 AD2d 681; *People v Legette,* 153 AD2d 760), we disagree with the hearing court's determination that the testimony of the child and her natural mother regarding the recantation was so unworthy of belief as to warrant the denial of the defendant's motion. Rather, this evidence, coupled with the defendant's repeated and adamant assertions of innocence, convinces us that the interest of justice will be best served by permitting the defendant to withdraw his plea and proceed to trial *(see, e.g., People v Paulk,* 142 AD2d 754; *People v Leslie,* 98 AD2d 977; *People v McIntyre,* 40 AD2d 1038). The People correctly observe that a defendant ordinarily is not entitled to withdraw his guilty plea merely because he discovers that he has misapprehended the quality of the prosecution's case *(see, People v Jones,* 44 NY2d 76, *cert denied* 439 US 846; *People v Wright,* 182 AD2d 849; *People v Lesesne,* 173 AD2d 407; *People v Grady,* 110 AD2d 780). However, given the absence of any admission by the defendant of the facts underlying the offense at the time of his plea *(see, People v Jones, supra,* at 81-82), his repeated assertions of innocence, the arguable support for those assertions found in the recantation evidence, and the fundamental nature of the recantation evidence itself, we find that the most appropriate course of action is to vacate the defendant's plea and remit the matter to the Supreme Court for further proceedings on the indictment.

Finally, although the defendant's claim of an alleged *Brady* violation has been rendered academic by reason of the foregoing discussion, we nevertheless note that the contention is patently without merit *(see, People v Tissois,* 72 NY2d 75). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.