People v Swain (2021 NY Slip Op 01430)





People v Swain


2021 NY Slip Op 01430


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-13932
 (Ind. No. 17-00334)

[*1]The People of the State of New York, respondent,
v
Quentin Swain, appellant.


Walter J. Storey, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J., at plea; William L. DeProspo, J., at sentencing), rendered November 5, 2018, convicting him of vehicular assault in the first degree and driving while intoxicated, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the County Court, Orange County, for further proceedings, including a hearing, on the defendant's motion to withdraw his plea of guilty, and thereafter a report to this Court as to the County Court's findings with respect to whether the defendant has established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the County Court's report, which shall be filed with all convenient speed.
On October 18, 2016, the defendant was involved in a motor vehicle accident for which he was later indicted for, inter alia, assault in the second degree, vehicular assault in the first degree (12 counts), and driving while intoxicated.
On September 7, 2017, the defendant, who was at liberty on $5,000 cash bail, appeared in County Court approximately two hours late for a scheduled pretrial suppression hearing. Defense counsel noted for the record that the defendant was having difficulty making childcare arrangements, that she had spoken with him at 10:15 a.m., and that he had arrived by 11:00 a.m. The court stated that, if the defendant accepted the People's offer to plead guilty to one count of vehicular assault in the first degree and one count of felony driving while intoxicated, it would sentence him on those counts, respectively, to an indeterminate term of imprisonment of 3 to 6 years, and a concurrent indeterminate term of imprisonment of 2 to 6 years. However, the court indicated that, once the suppression hearing began, it would no longer accept the plea. Defense counsel stated that the defendant was not interested in the plea offer. The People announced their first witness for the hearing but, before the witness gave any testimony, the following colloquy occurred between defense counsel and the court:
"[Defense Counsel]: Before the witness comes in, we have a housekeeping matter. Is the Court [*2]going to set bail? [The defendant] is concerned. He has a three year old son, Judge.
The Court: I am.
[Defense Counsel]: Has the Court determined an amount?
The Court:No. As soon as we elicit testimony from this witness, that will be the end of the Court's offer. So this is your client's last chance. If he wants that offer, he can take it. If not this is the last chance to do it."
Defense counsel asked for a brief recess and when the parties returned, defense counsel stated that the defendant wanted to accept the plea offer. The defendant immediately thereafter pleaded guilty to one count of vehicular assault in the first degree (Penal Law § 120.04) and one count of driving while intoxicated (Vehicle and Traffic Law § 1192[3]). Following the entry of the plea, the County Court, without ever revisiting or discussing the issue of the defendant's bail, adjourned the matter for sentencing. The court advised the defendant that its promise regarding his sentence was conditioned upon the defendant coming back to court for the sentence, avoiding arrest, and his cooperation with the Department of Probation regarding the preparation of the presentence investigation report.
On March 30, 2018, prior to sentencing, the defendant moved to vacate his plea. In an affidavit in support of the motion, the defendant averred that, on the date of his plea, he was late to court because he was unable to obtain babysitting services for his three-year-old son. The defendant averred that he eventually brought his son to the court appearance because he could not secure adequate supervision for him. The defendant averred that, after he rejected the County Court's plea offer: "I was advised by the [c]ourt and counsel that if I did not enter a guilty plea in accordance with the People's plea offer and the [c]ourt's sentencing position . . . then the [c]ourt was going to increase the monetary amount of bail needed to secure my presence in [c]ourt." The defendant claimed that, after speaking privately with his attorney, he "reluctantly" entered the plea despite his "firm belief" that he did not commit the crimes to which he pleaded guilty. The defendant averred that his decision to plead guilty "was heavily reliant on my impression that if I did not plead guilty, then the [c]ourt was going to dramatically increase my bail status, which would have prevented me from supervising my three-year old son."
In a written order dated July 9, 2018, the County Court denied the defendant's motion without conducting any on-the-record colloquy or hearing.
The defendant was subsequently sentenced and he now appeals, arguing, inter alia, that the County Court erred in denying his motion to vacate his plea.
Criminal Procedure Law § 220.60(3) provides that, after a defendant pleads guilty, "[a]t any time before the imposition of sentence, the court in its discretion may permit [the] defendant. . . to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored." "The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jacob, 94 AD3d 1142, 1143; see People v Alexander, 97 NY2d 482, 485).
In general, a motion to withdraw a plea of guilty "must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530; see People v Nettles, 30 NY2d 841, 841-842; People v Englese, 7 NY2d 83, 87; People v Haffiz, 77 AD3d 767, 768, affd 19 NY3d 883; People v Smith, [*3]54 AD3d 879, 880). "The nature and extent of the fact-finding procedures prerequisite to the disposition of such motions rest largely in the discretion of the Judge to whom the motion is made" (People v Tinsley, 35 NY2d 926, 927). "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" (id.). "Where, however, the record raises a legitimate question as to the voluntariness of the plea, an evidentiary hearing is required" (People v Hollmond, 170 AD3d 1193, 1194; see People v Brown, 14 NY3d 113, 116).
"[I]n order to be valid and enforceable, a guilty plea must be entered voluntarily, knowingly and intelligently" (People v Brown, 14 NY3d at 116). "A guilty plea is voluntary only if it represents an informed choice freely made by [the] defendant among other valid alternatives" (id.; see North Carolina v Alford, 400 US 25, 31; People v Grant, 61 AD3d 177, 182).
"When offered benefits for pleading guilty and confronted with the risk of more severe punishment if a plea offer is refused, a defendant will certainly feel pressure to plead guilty. But such pressure does not render a guilty plea involuntary because the imposition of these difficult choices [is] an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas" (People v Grant, 61 AD3d at 182 [internal quotation marks omitted]).
"In contrast, bail status concerns only the kind and degree of control or restriction that is necessary to secure [the defendant's] attendance when required" (id. at 183 [internal quotation marks omitted]). Bail status "has no legitimate connection to the mutuality of advantage underlying plea bargaining because it does not relate either to the more lenient sentence for which the defendant is negotiating or to the waiver of trial and the certainty of conviction the prosecution is seeking" (id. at 183). Accordingly, "[t]he prospect of an immediate change in bail status, therefore, is an inappropriate consideration in plea negotiations" (id. at 183).
Here, the plea bargaining process and the defendant's affidavit raise a legitimate question as to the voluntariness of the defendant's plea and, therefore, the defendant's motion should not have been denied without a hearing (see People v Hollmond, 170 AD3d at 1194; see also People v Brown, 14 NY3d at 116). The County Court's response to defense counsel's questions regarding bail, which included a statement that this was the defendant's "last chance" to accept the offer, raise a legitimate question as to whether the defendant understood that the court's purportedly forthcoming bail decision was contingent on acceptance of the offer. Notably, after the defendant accepted the plea, the court never brought up the issue of changing the defendant's bail status, effectively continuing his release on cash bail without any changes (see People v Grant, 61 AD3d at 184).
It makes no difference that it was defense counsel, rather than the County Court or the prosecutor, who raised the issue of bail. In People v Grant (61 AD3d at 184), this Court recognized "that, in the course of plea negotiations, it may be the defendant who first inquires as to the court's intentions with respect to bail. . . . We think that the better practice when, during plea negotiations, a defendant inquires about bail is for the court to remind the defendant that the parties are engaged in plea bargaining, not 'bail bargaining,' and that the question of bail will be addressed only after plea negotiations are completed."
Accordingly, we remit the matter to the County Court, Orange County, for further proceedings, including a hearing on the defendant's motion to withdraw his plea of guilty, and thereafter a report to this Court as to the County Court's findings with respect to whether the defendant has established his entitlement to withdraw his plea. We hold the appeal in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court