People v Prunesti (2021 NY Slip Op 02419)





People v Prunesti


2021 NY Slip Op 02419


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-10458

[*1]The People of the State of New York, respondent,
v
Joseph Prunesti, appellant. (S.C.I. No. 772/18)


Portale Randazzo LLP, White Plains, NY (Richard A. Portale of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Steven A. Bender and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered July 16, 2019, convicting him of criminal possession of a controlled substance in the fourth degree and unlawful surveillance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court improvidently exercised its discretion in denying his motion to withdraw his plea of guilty to the crime of unlawful surveillance in the second degree.
"[I]n order to be valid and enforceable, a guilty plea must be entered voluntarily, knowingly and intelligently" (People v Brown, 14 NY3d 113, 116). CPL 220.60(3) provides that, after a defendant pleads guilty, "[a]t any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty . . . to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored." "The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jacob, 94 AD3d 1142, 1143; see People v Alexander, 97 NY2d 482, 485). In general, "such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530; see People v Nettles, 30 NY2d 841, 841-842; People v Englese, 7 NY2d 83, 87; People v Haffiz, 77 AD3d 767, 768, affd 19 NY3d 883; People v Smith, 54 AD3d 879, 880). "The nature and extent of the fact-finding procedures prerequisite to the disposition of such motions rest largely in the discretion of the Judge to whom the motion is made" (People v Tinsley, 35 NY2d 926, 927).
The defendant's postplea claims of innocence, made approximately five months after he freely admitted his guilt to the crime of unlawful surveillance in the second degree, were conclusory and unsubstantiated, and were insufficient to warrant vacatur of his plea (see People v [*2]Fisher, 28 NY3d 717, 722-724; People v Alexander, 97 NY2d at 485; People v Caccavale, 152 AD3d 537, 537-538; cf. People v McIntyre, 40 AD2d 1038, 1038). Nothing that the defendant said or failed to say in his allocution negated any element of the offense or otherwise called into question his admitted guilt or the voluntariness of his plea (see People v Seeber, 4 NY3d 780, 781).
Accordingly, the defendant's motion to withdraw his guilty plea to unlawful surveillance in the second degree was properly denied.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court