People v Gerald (2021 NY Slip Op 05130)





People v Gerald


2021 NY Slip Op 05130


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-01157

[*1]The People of the State of New York, respondent,
v
Thomas R. Gerald, appellant. (S.C.I. No. 45/18)


Matthew Muraskin, Port Jefferson, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered November 8, 2018, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, on the facts, and as a matter of discretion in the interest of justice, the defendant's application to withdraw his plea of guilty is granted, the plea is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the superior court information.
The defendant was charged with various crimes, including, as relevant here, criminal possession of a weapon in the second degree. The defendant entered into a plea agreement pursuant to which he agreed to plead guilty to attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03[3]), in exchange for a promised sentence of 3½ years of imprisonment to be followed by a period of 5 years of postrelease supervision.
Prior to his sentencing date, the defendant made a written motion to withdraw his plea of guilty pursuant to CPL 220.60(3). The defendant argued, in essence, that he pleaded guilty due to a misunderstanding of the legal definition of constructive possession, and due to a further misunderstanding of the People's evidence of his guilt. The defendant asserted that these misunderstandings were due to the ineffective assistance of his prior attorney. The People opposed the defendant's motion. In an order dated September 25, 2018, the County Court denied the defendant's motion, without holding a hearing.
After the defendant's written motion was denied, he sent the County Court a letter in which he again asserted his innocence and provided additional facts relevant to that claim. At his sentencing proceeding, the defendant orally alleged that he was innocent, and that he had only pleaded guilty due to the ineffective assistance of his attorneys. The People made no response to the defendant's application to withdraw his plea at the sentencing proceeding. The court declined to address the defendant's arguments or inquire further into his allegations, in effect, denying his application. The court sentenced the defendant, in accordance with the plea agreement, to a term of [*2]imprisonment of 3½ years to be followed by a period of postrelease supervision of 5 years.
On appeal, the defendant contends that the County Court should have granted his application to withdraw his plea of guilty at the sentencing proceeding. We agree.
As an initial matter, the People contend that the defendant validly waived his right to appeal and they seek to enforce that purported waiver on this appeal. However, since the only substantive arguments raised on the defendant's appeal concern the validity of his plea, this Court "need not reach the People's contention regarding the validity of the defendant's appeal waiver" (People v Adames, 173 AD3d 1058, 1058; see People v Henriquez, 168 AD3d 876, 876; People v Bernard, 155 AD3d 1059, 1059; see also People v Fontanet, 126 AD3d 723, 723).
"[I]n order to be valid and enforceable, a guilty plea must be entered voluntarily, knowingly and intelligently" (People v Brown, 14 NY3d 113, 116). "A guilty plea is voluntary only if it represents an informed choice freely made by defendant among other valid alternatives" (id. at 116; see North Carolina v Alford, 400 US 25, 31; People v Grant, 61 AD3d 177, 182).
"The trial court determines that [a plea] meets those requirements by considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused" (People v Seaberg, 74 NY2d 1, 11; see People v Selikoff, 35 NY2d 227, 235). "Manifestly, an unfair bargain or one coerced to conceal error or misconduct does not meet these standards and is subject to vacatur on direct appeal or by appropriate posttrial proceedings" (People v Seaberg, 74 NY2d at 11).
Even after a defendant pleads guilty, the Criminal Procedure Law provides that "[a]t any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty . . . to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored" (CPL 220.60[3]; see People v Hollmond, 191 AD3d 120, 136).
"The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent
an improvident exercise of discretion" (People v Jacob, 94 AD3d 1142, 1143; see People v Alexander, 97 NY2d 482, 485). In general, "such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530; see People v Nettles, 30 NY2d 841, 841-842; People v Englese, 7 NY2d 83, 87; People v Swain, 192 AD3d 827; People v Haffiz, 77 AD3d 767, 768, affd 19 NY3d 883; People v Smith, 54 AD3d 879, 880).
"In deciding whether to grant a defendant's motion to withdraw a guilty plea, additional factors may be relevant" (People v Hollmond, 191 AD3d at 137). "For instance, the time that has elapsed between the guilty plea and the motion to vacate it has been described as a 'significant' factor" (id., quoting People v Nixon, 21 NY2d 338, 355). In addition, a court should consider the prejudice, if any, that would result to the People if the motion to withdraw the plea is granted (see People v Leslie, 98 AD2d 977; People v Griffin, 77 AD2d 666; People v Arcuri, 64 AD2d 1028, 1028-1029; People v McIntyre, 40 AD2d 1038; People v East, 39 AD2d 606).
Here, the defendant secured new counsel and made a written motion to withdraw his plea a little more than four months after he pleaded guilty. The County Court denied the defendant's motion, without a hearing or any further inquiry into the defendant's claims. At the subsequent sentencing proceeding, the defendant again asserted his innocence and again asked the court to permit him to withdraw his plea based on his attorneys' failure to provide meaningful representation. The defendant's application to withdraw his plea at the sentencing proceeding was based on his statements to the court and his prior evidentiary submissions, which tended to substantiate his contention that he had not understood the concept of constructive possession or the nature of the People's evidence at the time that he pleaded guilty. These submissions were sufficient to cast doubt on his guilt and the validity of his plea (cf. People v Davis, 187 AD3d 1291, 1292). The People did [*3]not allege any prejudice that would have resulted had the court permitted the defendant to withdraw his plea of guilty at that time (see People v Hollmond, 191 AD3d at 143).
Nor do the People allege any prejudice on this appeal. Rather, the People contend that the defendant's application to withdraw his plea was properly denied without a hearing because it constituted an impermissible attempt at hybrid representation, and because the defendant failed to comply with CPLR 2221. These arguments are improperly raised by the People for the first time on appeal, and we decline to consider them (see generally CPL 470.05[2]; People v Maher, 89 NY2d 456, 460 n 1). Contrary to the People's further contention, the arguments raised by the defendant at the sentencing proceeding were adequately preserved for appellate review (see People v Blanford, 179 AD3d 1388, 1391; see also People v Davis, 187 AD3d at 1292).
The Court of Appeals has stated that "[w]here, after a plea of guilty has been entered, and before sentence, defendant states to the court he is not guilty, or that he believes he is not guilty, the rule has developed that the court should not, except in extraordinary circumstances, then impose sentence, but either grant an application to allow the plea to be withdrawn; or conduct a hearing to determine whether the application has merit" (People v McKennion, 27 NY2d 671, 672-673; see People v McClain, 32 NY2d 697, 697-698; People v Nixon, 21 NY2d at 355). The County Court's failure to follow this rule at the sentencing proceeding in this case constituted error as matter of law (see People v Nixon, 21 NY2d at 355).
Given the record before the County Court at the sentencing proceeding and the other circumstances of this case, we conclude that "the interest of justice will be best served by permitting the defendant to withdraw his plea and proceed to trial" (People v De Jesus, 199 AD2d at 531; see People v Leslie, 98 AD2d 977; People v Arcuri, 64 AD2d at 1028-1029; People v McIntyre, 40 AD2d 1038; People v East, 39 AD2d 606). Accordingly, we grant the defendant's application as a matter of discretion in the interest of justice (see People v De Jesus, 199 AD2d at 530; People v Leslie, 98 AD2d 977; People v Arcuri, 64 AD2d at 1028-1029; People v McIntyre, 40 AD2d 1038; People v East, 39 AD2d 606; see also People v Shipman, 14 NY2d 883, 883; cf. People v Swain, 192 AD3d 827; People v Hollmond, 170 AD3d 1193, 1194).
In light of the foregoing, we need not reach the parties' remaining contentions.
MILLER, DUFFY and WOOTEN, JJ., concur.
CHAMBERS, J., concurs in part and dissents in part, and votes to reverse the judgment, on the law, on the facts, and as a matter of discretion in the interest of justice, and to remit the matter to the County Court, Suffolk County, for further proceedings on the defendant's application to withdraw his plea of guilty, with the following memorandum, in which LASALLE, P.J., concurs:
I respectfully dissent, in part. While I agree with my colleagues in the majority that the County Court erred in summarily denying the defendant's application to withdraw his plea of guilty and that the judgment appealed from should be reversed on that ground, the record before us does not warrant granting the defendant's application outright. Therefore, I would instead remit the matter to the County Court, Suffolk County, for further proceedings consistent with People v Tinsley (35 NY2d 926) and, thereafter, a new determination of the defendant's application.
The defendant admitted that on November 22, 2017, at approximately 6:00 a.m., he possessed a loaded Hi-Point model JCP .40 caliber handgun at a specified address in Mastic, and that the loaded weapon was in the room in which he was sleeping. He further admitted that the weapon was not registered in his name, and defense counsel stipulated to the weapon's operability. Based on the foregoing allocution, the County Court accepted the defendant's plea of guilty.
The defendant timely moved to withdraw his plea. In a supporting affidavit, he denied owning or renting the house where the weapon was recovered and averred he was merely there to use drugs. Moreover, he claimed the weapon he was charged with possessing "was hidden," was "not in plain view," and that he "never possessed; never touched; never knew that [a] weapon [*4]was in th[e] room." He further averred that the weapon "was not loaded," that "there was no ammunition recovered with the weapon," and that all of the ammunition in the house was found in a safe located in a different room. The basis for many of the factual allegations contained in the defendant's affidavit is not known. The County Court summarily denied the defendant's motion.
Prior to the imposition of sentence, the defendant sent a lengthy, handwritten letter to the County Court, claiming, inter alia, that he only entered the plea of guilty because his former counsel misadvised him that he had no viable defense to the charged crime. The defendant repeated his claims at sentencing, and the court, in effect, denied the defendant's application to withdraw his plea, and imposed the bargained-for sentence.
To be sure, the defendant's application should not have been summarily denied (see People v Tinsley, 35 NY2d 926). However, in my view, the record is not so clear as to conclude, as the majority does, that the defendant's application should have been granted outright without further inquiry (see e.g. People v Shipman, 14 NY2d 883; People v Wedgewood, 106 AD2d 674). Therefore, upon reversing the judgment of conviction, I would remit the matter for further proceedings consistent with People v Tinsley (35 NY2d 926) and, thereafter, a new determination of the defendant's application (see People v Beasley, 25 NY2d 483; People v Swain, 192 AD3d 827).
ENTER:
Maria T. Fasulo
Acting Clerk of the Court