People v Amos (2021 NY Slip Op 05577)





People v Amos


2021 NY Slip Op 05577


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-05572
 (Ind. No. 10464/16)

[*1]The People of the State of New York, respondent,
v
Shamel Amos, appellant.


Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya Simpson, J., at plea; Martin P. Murphy, J., at motion; Donald Leo, J., at sentencing), rendered November 27, 2018, convicting him of criminal possession of a weapon in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, for further proceedings, including a hearing, on the defendant's motion to withdraw his plea of guilty, and thereafter a report to this Court as to the Supreme Court's findings with respect to whether the defendant has established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant was charged with the unlawful possession of various firearms after a warrant was executed at his mother's residence. The defendant agreed to enter into a plea agreement with the prosecuting authorities. Pursuant to that agreement, the defendant pleaded guilty to two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), in return for a promised sentence of two concurrent terms of seven years of imprisonment, to be followed by a period of five years of postrelease supervision.
After obtaining new counsel, the defendant made a written pre-sentence motion to withdraw his plea pursuant to CPL 220.60(3). The defendant contended that he had a viable defense which he had not understood at the time that he agreed to plead guilty, and that his plea of guilty was not knowing, intelligent, and voluntary.
The People opposed the defendant's motion to withdraw his plea. The People contended that "[t]here is ample evidence showing the defendant possessed the firearms."
The Supreme Court denied the defendant's motion without holding a hearing. The court determined that "[w]hen there is nothing apparent from the plea minutes that demonstrates the defendant's inability to comprehend the proceedings or work with his or her counsel[ ] or that the [*2]defendant appeared confused or disoriented, a guilty plea cannot be withdrawn" (emphasis omitted). After listing the various statements made by the defendant at the plea proceeding, the court concluded that the "defendant's allegations are belied by the record and accordingly are not reviewable by this court" (emphasis omitted).
The defendant was subsequently sentenced, in accordance with the plea agreement, to two concurrent terms of seven years of imprisonment, to be followed by a period of five years of postrelease supervision. The defendant appeals.
On appeal, the defendant contends, among other things, that the Supreme Court erred in denying his motion to withdraw his plea of guilty without holding a hearing. The defendant is correct.
In general, "such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530; see People v Nettles, 30 NY2d 841, 841-842; People v Englese, 7 NY2d 83, 87; People v Swain, 192 AD3d 827, 829; People v Haffiz, 77 AD3d 767, 768, affd 19 NY3d 883; People v Smith, 54 AD3d 879, 880). "A defendant is not entitled to withdraw his guilty plea based on a[n] . . . unsupported claim" (People v Dixon, 29 NY2d 55, 57; see People v Tinsley, 35 NY2d 926, 927; People v Hollmond, 191 AD3d 120, 136-137), or "when the minutes of the plea are unequivocal and refute [the defendant's] contention" (People v Frederick, 45 NY2d 520, 526; see People v Haffiz, 77 AD3d at 768; People v Miranda, 67 AD3d 709, 710; People v Scotti, 142 AD2d 616, 617; People v Martin, 133 AD2d 852, 852). "Where, however, the record raises a legitimate question as to the [validity] of the plea, an evidentiary hearing is required" (People v Hollmond, 170 AD3d 1193, 1194; see People v Brown, 14 NY3d 113, 116).
"In deciding whether to grant a defendant's motion to withdraw a guilty plea, additional factors may be relevant" (People v Hollmond, 191 AD3d at 137). "For instance, the time that has elapsed between the guilty plea and the motion to vacate it has been described as a 'significant' factor" (id., quoting People v Nixon, 21 NY2d 338, 355). "In addition, a court should consider the prejudice, if any, that would result to the People if the motion to withdraw the plea is granted" (People v Hollmond, 191 AD3d at 137; see People v Leslie, 98 AD2d 977; People v Griffin, 77 AD2d 666; People v Arcuri, 64 AD2d 1028, 1028-1029; People v McIntyre, 40 AD2d 1038; People v East, 39 AD2d 606).
In People v Nixon (21 NY2d 338, 354), the Court of Appeals stated that "[i]t is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt, or if they be unaware of their rights, or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty." "[W]here initial inquiry exposes difficulties or subsequent interpositions by defendant on sentencing raise questions, the court should be quick to offer the defendant an opportunity to withdraw his [or her] plea and at the very least conduct a hearing" (id. at 355). "Such opportunities offered will squelch the faker and protect the truly misguided ones; and prompt hearings will be better than later ones after direct appeal or collateral post-conviction attack" (id.).
In applying all of these considerations, the Court of Appeals has repeatedly stated that "[w]here, after a plea of guilty has been entered, and before sentence, defendant states to the court he [or she] is not guilty, or that he [or she] believes he [or she] is not guilty, the rule has developed that the court should not, except in extraordinary circumstances, then impose sentence, but either grant an application to allow the plea to be withdrawn; or conduct a hearing to determine whether the application has merit" (People v McKennion, 27 NY2d 671, 672-673; see People v McClain, 32 NY2d 697, 697-698; People v Nixon, 21 NY2d at 355).
Here, the defendant moved to withdraw his plea prior to the imposition of his sentence (see CPL 220.60[3]). The defendant contended that he had a viable defense to the charges which he had not understood at the time that he agreed to plead guilty, and that his plea of guilty was not knowing, intelligent, and voluntary. Specifically, the defendant contended that he did not reside [*3]at his mother's home prior to the execution of the warrant, and that the weapons recovered from his mother's residence did not belong to him. The defendant contended that the weapons belonged to another individual who had been residing at his mother's home and who had placed the weapons inside a closet at that location without the defendant's knowledge or consent. The defendant contended, in essence, that he did not voluntarily possess the weapons at issue.
"'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law § 10.00[8]). This definition has been "judicially interpreted as encompassing the doctrine of constructive possession, as well as physical possession" (People v Sierra, 45 NY2d 56, 60; see People v Wesley, 73 NY2d 351, 361-362; People v Torres, 68 NY2d 677, 679).
Regardless of whether it is physical or constructive, possession constitutes the actus reus, or the "forbidden act" of a possessory crime (People v Saunders, 85 NY2d 339, 341; see People v Almodovar, 62 NY2d 126, 130; People v Ansare, 96 AD2d 96, 97). Possession thus "includes the Penal Law definitional component of [a] '"[v]oluntary act"'" (People v Saunders, 85 NY2d at 341, quoting Penal Law § 15.00[2]). As relevant here, a "'voluntary act' . . . includes the possession of property if the actor was aware of his physical possession or control thereof for a sufficient period to have been able to terminate it" (Penal Law § 15.00[2]).
"Thus, the corpus delicti of weapons possession . . . is the voluntary, aware act of the possession of a weapon" (People v Saunders, 85 NY2d at 341-342 [citation omitted]; see People v Persce, 204 NY 397, 402; People v Ansare, 96 AD2d at 97; People v Cohen, 57 AD2d 790, 791). In other words, "[p]ossession of a weapon must be voluntary in order to be culpable" (People v Valentine, 54 AD2d 568, 568; see People v Trisvan, 49 AD2d 913, 913).
In order to raise this defense, however, the defendant must be able to cite to "proof in the record showing a legal excuse for having the weapon in his [or her] possession" (People v Williams, 50 NY2d 1043, 1045). "For example, a defendant may not be guilty of unlawful possession if the jury finds that he [or she] found the weapon shortly before his [or her] possession of it was discovered . . . or that he [or she] took it from an assailant in the course of a fight" (People v Almodovar, 62 NY2d 126, 130 [citations omitted]; see People v LaPella, 272 NY 81; People v Furey, 13 AD2d 412; People v Harmon, 7 AD2d 159). "This defense of 'temporary and lawful' possession applies because as a matter of policy the conduct is not deemed criminal" (People v Almodovar, 62 NY2d at 130; see People v LaPella, 272 NY 81). "The innocent nature of the possession negates . . . the criminal act of possession" (People v Almodovar, 62 NY2d at 130).
Here, the defendant's claim of innocence was "supported" by evidentiary submissions (People v Fisher, 28 NY3d 717, 725), which "raised the possibility of a . . . defense" (People v Pastor, 28 NY3d 1089, 1090-1091; cf. People v Jackson, 87 AD3d 552, 553). The defendant's submissions provided "tenable support" (People v De Jesus, 199 AD2d at 530) for his assertion that he did not voluntarily possess the weapons at issue because he was not "aware of his physical possession or control thereof for a sufficient period to have been able to terminate it" (Penal Law § 15.00[2]).
Contrary to the Supreme Court's conclusion, the transcript of the plea proceeding did not "belie" the defendant's claim that he did not understand this potential defense. There was no mention of the concept of voluntary possession, or the defense of temporary and lawful possession, at the plea proceeding (cf. People v Haffiz, 77 AD3d at 768; People v Scotti, 142 AD2d at 617; People v Martin, 133 AD2d at 852), and the "rote colloquy" at that proceeding, relied upon by the court, did not otherwise refute the specific allegations and submissions tendered by the defendant in support of his subsequent motion to withdraw his plea (People v Hollmond, 191 AD3d at 142).
Regardless of the sufficiency or the strength of the People's case, the defendant was not required to affirmatively demonstrate his actual innocence in this procedural posture (see CPL 220.60[3]; cf. People v Hamilton, 115 AD3d 12, 27 [setting forth the actual innocence standard applicable to postjudgment motions pursuant to CPL article 440]). It is clear that "an arguable claim [*4]of innocence" (People v East, 39 AD2d at 606) may alone provide a basis for granting a presentence motion to withdraw a plea, even where the evidence of innocence is "far from conclusive" (People v De Jesus, 199 AD2d at 530; see People v Shipman, 14 NY2d 883, 883; People v Leslie, 98 AD2d 977; People v Arcuri, 64 AD2d at 1028-1029; People v McIntyre, 40 AD2d 1038).
Given the foregoing, in determining the defendant's presentence motion to withdraw his plea (see CPL 220.60[3]), the Supreme Court was required to "either grant [the] application to allow the plea to be withdrawn; or conduct a hearing to determine whether the application has merit" (People v McKennion, 27 NY2d at 673; see People v Tinsley, 35 NY2d at 927-928; People v McClain, 32 NY2d at 697-698; People v Nixon, 21 NY2d at 355; see also People v Shipman, 14 NY2d at 883; People v De Jesus, 199 AD2d at 530; People v Leslie, 98 AD2d 977; People v Arcuri, 64 AD2d at 1028-1029; People v McIntyre, 40 AD2d 1038; People v East, 39 AD2d at 606). Under the circumstances, we remit the matter to the Supreme Court, Kings County, for further proceedings, including a hearing, on the defendant's motion to withdraw his plea of guilty, and thereafter a report to this Court as to the Supreme Court's findings with respect to whether the defendant has established his entitlement to the withdrawal of his plea (see e.g. People v Hollmond, 170 AD3d at 1195). We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court