People v Davis (2022 NY Slip Op 05539)

People v Davis

2022 NY Slip Op 05539

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-07554
 (Ind. No. 371/19)

[*1]The People of the State of New York, respondent,
v
Michael Davis, appellant.

Gerald Zuckerman, Croton on Hudson, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Christine DiSalvo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered September 17, 2020, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to attempted burglary in the second degree. Prior to sentencing, he moved to withdraw his plea of guilty. The Supreme Court denied the motion without a hearing and imposed sentence. The defendant appeals.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion" (People v Jamison, 197 AD3d 569, 570 [internal quotation marks omitted]; see CPL 220.60[3]; People v Williams, 203 AD3d 850; People v Gerald, 197 AD3d 1324, 1326). In general, "such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v De Jesus, 199 AD2d 529, 530). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Manor, 27 NY3d 1012, 1013-1014; People v Hollman, 197 AD3d 484, 484).
Here, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Corines, 204 AD3d 827, 828; People v Price, 203 AD3d 955, 956; People v Walker, 169 AD3d 723, 724-725; People v Sulaiman, 134 AD3d 860, 861).
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court